**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

Kenneth Seifert d/b/a The Hair Place and
Harmar Barbers, Inc., individually and                    Case No.:
On behalf of all others similarly situated

                    Plaintiffs,                    **CLASS ACTION COMPLAINT**
vs.                                                **JURY TRIAL DEMANDED**

IMT Insurance Company,

                    Defendant.

_____

Plaintiffs Kenneth Seifert d/b/a The Hair Place, and Harmar Barbers, Inc.,

individually and on behalf of the other members of the below-defined classes (collectively,

the "Class"), bring this class action against Defendant IMT Insurance Company, and in

support thereof state the following:

## I. NATURE OF THE ACTION

1.   Plaintiff Kenneth Seifert d/b/a The Hair Place (The Hair Place) is a hair salon

located in Kenyon, Minnesota. Until the business interruption detailed herein, the Hair

Place was engaged in providing hair salon services and the sale of related products. The

Hair Place has developed a steady and profitable client base.

2.   Plaintiff Harmar Barbers, Inc. (Harmar Barbers), also owned by Plaintiff

Kenneth Seifert, is a traditional barber shop located in St. Paul, Minnesota. Until the

business interruption detailed herein, Harmar Barbers was engaged in providing barber

shop and related services and the sale of related products. Harmar Barbers has developed a steady and profitable client base.

3.    To protect their businesses in the event that they suddenly had to suspend operations for reasons outside of their control, or in order to prevent further property damage, Plaintiffs purchased insurance coverage from Defendant IMT Insurance Company (IMT Insurance), including, but not limited to, Businessowner's Owners Insurance, which promises to pay for loss due to the necessary suspension of operations following "direct physical loss of or damage to" Plaintiffs' businesses and for action by civil authority that prohibits access to the insured premises for business purposes.

4.    The Hair Place and Harmar Barbers were forced to suspend business due to the recent Executive Orders issued by the Governor of Minnesota put in place to protect the public from the spread of the COVID-19 Pandemic, mandating the closure of businesses like Plaintiffs. See, e.g. March 13, 2020 Emergency Executive Order 20-01, issued by Minnesota Governor Walz issued as a part of "Minnesota's Strategy to Protect Minnesotans from COVID-19."

5.    Upon information and belief, Defendant has, on a widescale and uniform basis, refused to pay its insureds under its business owners and commercial property coverages for losses associated with business suspensions caused by Governor Walz's Executive Orders and other such orders by civil authorities that have required the necessary suspension of business. Indeed, Defendant, through its authorized agent, has advised The Hair Place and Harmar Barbers of Defendant's position that no coverage is available under

Defendants' business owners and/or commercial property insurance policies under the circumstances herein described.

## II. JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendant are citizens of different states, and because (a) the Class consists of at least 100 members, (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and (c) no relevant exceptions apply to this claim.

7.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial portion of the acts and conduct giving rise to the claims occurred within the District.

## III. THE PARTIES

8.     Plaintiff Kenneth Seifert d/b/a The Hair Place (The Hair Place) is a Minnesota sole proprietorship with its principal place of business in Kenyon, Minnesota.

9.     Plaintiff Harmar Barbers, Inc. (Harmar Barbers), also owned by Plaintiff Kenneth Seifert, is a Minnesota corporation located in St. Paul, Minnesota.

10.    Defendant IMT Insurance Company (IMT Insurance) is an insurance company domiciled in the State of Iowa, with its principal place of business in Des Moines, Iowa. It is authorized to sell insurance policies providing property and business income coverage in Minnesota, Iowa, Wisconsin, Illinois, Nebraska, and South Dakota. At all times material hereto, IMT Insurance conducted and transacted business through the selling and issuing of insurance policies within Minnesota, Iowa, Wisconsin, Illinois, Nebraska, and South Dakota, including, but not limited to, selling and issuing property coverage to Plaintiffs.

## IV. <u>FACTUAL BACKGROUND</u>

11.   Defendant issued Policy No. WOP5350 to The Hair Place (the Hair Place IMT Policy) which, at all times material hereto, was in full force and effect and provided, among other things, Business Owners Coverage.

12.   Defendant issued Policy No. WOP5335 to Harmar Barbers (the Harmar IMT Policy) which, at all times material hereto, was in full force and effect and provided, among other things, Business Owners Coverage.

13.   Plaintiffs and Class Members did not participate in the drafting or negotiating of their policies with Defendant.

14.   Some insurance policies are sold on a specific peril basis. Such policies cover a risk of loss if that risk of loss is specifically listed (e.g., hurricane, earthquake, etc.). Other insurance policies, including the Hair Place IMT Policy and the Harmar IMT Policy, are all-risk policies. These types of policies cover all risks of loss except for risks that are expressly and specifically excluded.

15.   Plaintiffs purchased and their policies include a common all-risk coverage endorsement BP 00 03 07 13.  The language generally included in Endorsements generated under BP 00 03 07 13 provides that the Insurer shall, "pay for direct physical loss of or damage to Covered Property … [including but not limited to] the actual loss of business income you sustain due to the necessary suspension of your operations during a period of restoration."

16.  Defendant's own website notes that "In the event that you experience a covered loss, which prevents you from immediately reopening your business, the BOP [Business Owners Policy] pays for your lost Business Income and Extra Expenses incurred for up to 12 consecutive months after the loss." https://www.imtins.com/business/businessowners.php (last visited April 22, 2020).

17.  Plaintiffs' Policies, as well as the policies of other Class Members, include standard forms used by Defendant for all insureds having applicable coverage.

18.  Current Governmental attempts to control the COVID-19 Pandemic rely on social distancing measures as a vital component. The CDC has indicated that COVID-19 spreads when people are within six feet of each other.

19.  Governors and civil authorities throughout the country have issued precautionary orders requiring the suspension of business at a wide range of establishments in an effort to control the spread of the COVID-19 Pandemic (Governmental Pandemic Closure Orders).

20.  For example, on March 13, 2020, Governor Walz of Minnesota issued Executive Order 20-01 Declaring a Peacetime Emergency and Coordinating Minnesota's Strategy to Protect Minnesotans from the COVID-19 Pandemic. Shortly thereafter, on March 16, 2020, Governor Walz issued Executive Order 20-04 Providing for the Temporary Closure of Bars, Restaurants, and Other Places of Public Accommodation. Certain businesses were and have been permitted to stay open by Governor Walz, while others, including Plaintiffs and those of the class members, were not.

21.   Presumably anticipating small businesses filing claims similar to Plaintiffs, the Minnesota Department of Commerce published "Consumer Alert: Business Interruption Insurance and COVID-10" on March 19, 2020. (See, https://mn.gov/commerce/media/news/?id=17-423934). This Consumer Alert explains that "[o]ne common question is the extent to which insurance may cover any losses businesses experience as a result of COVID-19." The Department of Commerce advised policy holders to carefully review their policies.

22. On April 29, 2020 The Minnesota Department of Commerce issued a "Memorandum to Property and Casualty Insurance Carriers Related to Coronavirus." The Memorandum instructs,

> "Property and casualty coverage is intended to provide peace-of-mind to individuals and businesses in difficult times. As the public health response to the COVID-19 pandemic has necessitated prolonged business closures and a Stay Home Order, delivering on this promise to insureds is particularly important."

23.   The Governmental Pandemic Closure Orders caused "direct physical loss of or damage to" Plaintiffs' and the Class members' businesses.

24.  Plaintiffs' and the Class members' are suffering business losses as a direct and proximate result of Governmental Pandemic Closure Orders; orders that have been put in place in an effort to control the spread of the COVID-19 Pandemic, not because of the presence of a virus at Plaintiffs' or any other particular premises effected by the orders.

25. Plaintiffs and the Class members' businesses were open prior to the Governmental Pandemic Closure Orders and would be open if not for the Governmental

Pandemic Closure Orders, just like the many businesses that have never been required to close.

26. As a result of the Governmental Pandemic Closure Orders, Plaintiffs and the other Class members lost Business Income.

27. In late March, following the instructions on the Defendant's website, Plaintiffs contacted their independent broker about a claim with IMT under their policies for the loss of business income. Plaintiffs were informed of IMT's position that Plaintiff's policy provided no coverage for this loss.

28. IMT Insurance has, on a widescale basis, refused to provide Business Income, Extra Expense, Civil Authority, Contamination and other coverages it sold to policy holders by wrongfully claiming that the losses businesses are sustaining as a direct result of the Closure Orders are not covered losses.

## V. CLASS ACTION ALLEGATIONS

29. Plaintiffs bring these claims pursuant to Federal Rule of Civil Procedure 23 individually and on behalf of the following nationwide damages class:

> All persons and entities who have entered into standard all-risk commercial property insurance policies with Defendant, where such polices provide for business income loss coverage and do not exclude coverage for business losses caused by pandemics and governmental pandemic closure orders.

30. Although the exact number of Class Members is unknown, based upon Defendant's publicly available information, it is estimated that the Class is in the hundreds or thousands of members, and joinder of all Class members is impracticable. The Class is

readily ascertainable through Defendant's business records. Notice can be provided to Class members by regular U.S. mail via mailing addresses on record with Defendant.

31.   There are questions of law and fact common to the Class for purposes of Federal Rule of Civil Procedure 23(a)(2), including the following:

(a) whether Defendant's Business Owners Coverage provides coverage for the suspension of business caused by pandemics and governmental pandemic closure orders;

(b) whether business losses caused by pandemics and governmental pandemic closure orders are subject to any valid exclusion by Defendant;

(c) whether Defendant's interpretation of its coverage obligations under Defendant's Businessowners Coverage is consistent with well-established legal principles including those that require grants of insurance coverage to be broadly construed, that place the burden of proof on Defendant to establish that an exclusion to coverage applies, and that require exclusions from coverage to be narrowly construed.

(d) whether Defendant continues to rely on its erroneous interpretation of its coverage obligations under Defendant's Businessowners Coverage to wrongfully deny coverage afforded under its to Plaintiffs and members of the Class.

(e) whether Plaintiffs and members of the Class are entitled to declaratory relief prohibiting Defendant's denial of coverage under its Defendant's Businessowners Coverage and determining any denial is wrongful and a breach of the Defendant's duties under the contract of insurance.

All Class members were and are similarly situated as set forth in detail herein, and the relief sought herein is for the benefit of Plaintiffs and other members of the Class.

32.   Plaintiffs assert claims that are typical of the claims of the entire Class for purposes of Federal Rule of Civil Procedure 23(a)(3). Plaintiff and all Class members have been subjected to the same wrongful conduct because they have purchased the insurance coverage at issue and been wrongfully denied coverage based on a bad faith and wrongful interpretation Defendant's obligations to its policy holders.

33.   Plaintiffs will fairly and adequately represent and protect the interests of the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4). Plaintiffs have no interests antagonistic to those of other Class members. Plaintiffs are committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature to represent it. Plaintiffs anticipate no difficulty in the management of this litigation as a class action. Plaintiffs have retained counsel who are experienced in class-action litigation.

34.   Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) for the Damages Class because common questions of law and fact substantially predominate over any questions that may affect only individual members of the Damages Class. Among these common questions of law and fact are whether Defendant intentionally and wrongfully denied coverage under Defendant's Businessowners Coverage Form for the suspension of business caused by the COVID-19 pandemic and associated precautionary governmental closure orders.

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. It provides substantial benefits to both the parties and the Court because this is the most efficient method for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Class members have suffered and will suffer irreparable harm and damages as a result of Defendant's wrongful conduct. A representative class action is appropriate and a superior method of proceeding, and essential to the interests of justice insofar as the resolution of Class members' claims is concerned. Absent a representative class action, Class members would continue to suffer losses for which they would have no remedy, and Defendant would unjustly retain the proceeds of its ill-gotten gains.

36. Even if separate actions could be brought by individual members of the Class, the resulting multiplicity of lawsuits would cause undue hardship, burden and expense for the Court and the litigants, as well as create a risk of inconsistent rulings which might be dispositive of the interests of the other Class members who are not parties to the adjudications and/or may substantially impede their ability to protect their interests.

<u>COUNT I</u>

**BREACH OF CONTRACT**

37. Plaintiffs repeat and incorporate by reference the preceding paragraphs as if fully set forth herein.

38.   Defendant has refused to honor its contractual duty to its policy holders who paid premiums for Business Owners Coverage under Defendant's Businessowners Coverage and who were denied coverage by Defendant for claims for the suspension of business caused by Executive Orders mandating the closure of businesses like Plaintiffs to Protect Citizens from the spread of the COVID-19 Pandemic.

39. Defendant has systematically refused to honor its contractual duty herein described.

40.   Defendant, by failing to honor its contractual duties, including failing to provide coverage to the above-named Plaintiffs and to the other Class members, has breached its contractual duties to Plaintiffs and members of the Class.

41.   Plaintiffs and members of the Class have suffered significant damage as a direct and proximate result of result of Defendant's breach.

## COUNT II

## DECLARATION OF RIGHTS

42.   Plaintiffs repeat and incorporate by reference the preceding paragraphs as if fully set forth herein.

43.   Defendant's Businessowners Coverage obligates Defendant to provide coverage for individuals or entities that have suffered damages due to Executive Orders mandating the closure of businesses to Protect Citizens from the spread of the COVID-19 pandemic.

11

44. Defendant has denied any obligation to provide coverage for individuals or entities under Defendant's Businessowners Coverage that have suffered damages due to Executive Orders mandating the closure of businesses to Protect Citizens from the spread of the COVID-19 pandemic.

45. Defendant's denial of coverage herein described is wrongful and a breach of the Defendant's duties under the contracts of insurance at issue.

46. A justiciable controversy exists between Plaintiffs and Defendant concerning Defendant's obligations under the policy of insurance herein described and this action is properly brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

47. A judicial declaration is necessary to establish the respective rights and obligations of the parties as to the policy and under the circumstances herein described.

48. A judicial declaration is also necessary to establish the rights of the Class members and Defendant's duties to the Class members as to the policy and under the circumstances herein described

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves, and all others similarly situated, requests judgment as follows:

1. An order certifying the Class and any appropriate subclasses thereof, appointing Plaintiffs and their counsel to represent the Class, and requiring Defendant to bear the cost of class notice;

2. A judicial declaration that Defendant's denial of coverage as herein described was and is wrongful and a breach of the Defendant's duties under the contract of insurance at issue;

3. A judicial declaration that Defendant has a duty to provide coverage to Plaintiffs and all other similarly situated Class members under the policy and circumstances herein described.

4. An award in favor of Plaintiffs and all other similarly situated Class members, and against Defendant for all sums incurred since the date of any wrongfully denied claims as herein described;

5. Awarding costs, expenses and reasonable attorneys' fees incurred in prosecuting this action; and

6. Such other and further relief as the Court deems just, necessary and proper, including, without limitation any applicable penalties and interest.

## JURY DEMAND

Plaintiff, on behalf of itself and all others similarly situated, hereby demands a trial by jury in this case as to all issues so triable.

Dated: May 6, 2020                         Respectfully submitted,

  s/Daniel E. Gustafson
Daniel E. Gustafson (#202241)
Amanda M. Williams (#341691)
Mary M. Nikolai (#400354)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600

Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
awilliams@gustafsongluek.com
mnikolai@gustafsongluek.com

Dennis Stewart
(*pro hac vice* application forthcoming)
**GUSTAFSON GLUEK PLLC**
600 B Street
17th Floor
San Diego, CA 92101
Telephone: (619) 595-3200
dstewart@gustafsongluek.com

Patrick W. Michenfelder (#024207X)
Chad A. Throndset (#0261191)
**THRONDSET MICHENFELDER, LLC**
Cornerstone Building
One Central Avenue West, Suite 101
St. Michael, MN 55376
Telephone: (763) 515-6110
pat@throndsetlaw.com
chad@throndsetlaw.com

Yvonne M. Flaherty (#267600)
**LOCKRIDGE GRINDAL NAUEN, P.L.L.P.**
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
ymflaherty@locklaw.com

*Attorneys for Plaintiffs*