UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenneth Seifert d/b/a The Hair Place and Harmar Barbers, Inc., individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>IMT Insurance Company,<br><br>      Defendant. | Civil File No: 20-cv-01102 JRT/DTS<br><br>**DEFENDANT IMT INSURANCE COMPANY'S RESPONSE MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF DEADLINE** |

## **INTRODUCTION AND BACKGROUND**

Plaintiffs filed a motion to extend by 14 days the deadline to serve an amended complaint that the Court permitted in its October 16, 2020 Order granting Defendant's motion for summary judgment. ("If no Amended Complaint is filed within twenty days from the date of this Order, the Court will dismiss the case with prejudice." Doc. 28). Plaintiffs' motion for an extension of time states as the basis for this extension request unspecified "other professional and personal matters" of "Plaintiff's (sic) Counsel (sic)" that have apparently impeded counsel's work "to identify related issues and amend the Complaint." (Doc. 29). No further explanation is given as to why Plaintiffs are unable to comply with the Court's 20 day deadline to file an amended complaint. (*Id.*). Plaintiffs' motion to extend this deadline was filed on November 4, 2020, one day before the November 5, 2020 deadline to file an amended complaint. (*See*, Doc. 28 and 29).

9211307

Plaintiffs' counsel's efforts to meet and confer on this request were minimal and lacking in substance. Defendant's counsel received an email in the afternoon of November 4, 2020 stating: "Do you have any time today to discuss a short extension on the Seifert amended complaint deadline?" (Hamann Decl. at Exhibit A). Plaintiffs' counsel did not attempt to contact Defendant's counsel by phone, did not mention the intention of filing a motion, or provide any facts that could be considered good cause for requesting this extension. (Hamann Decl. at ¶ 3). Defendant's counsel did not have an opportunity to respond to Plaintiffs' counsel to deny this request prior to the filing of Plaintiffs' motion later that same day. (*Id.*).

Defendant objects to Plaintiffs' request for an extension of time to file an amended complaint given that there is a lack of good cause shown for this extension pursuant to Fed. R. Civ. P. 6(b)(1) and respectfully requests that this Court enter judgment of dismissal with prejudice of all of Plaintiffs' claims as prescribed by the Court's October 16, 2020 Order.

## ARGUMENT

**1)   This Court should deny Plaintiffs' request for extension of time to file an amended complaint because of Plaintiffs' failure to show good cause.**

Federal Rule of Civil Procedure 6(b)(1) provides:

When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

2

9211307

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

The phrase "good cause" is not defined in the Rules, but it has been described that "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir. 1985)(emphasis in original), quoting 10 Wright & Miller *Federal Practice and Procedure*: *Civil* § 1165 at 622. The Court in *Winters* also stated, "[w]ithout attempting a rigid or all-encompassing definition of 'good cause,' it would appear to require *at least* as much as would be required to show excusable neglect." *Id.* (emphasis in original).

Multiple Federal Courts have held that an attorney's busy practice or commitments to other cases or clients is not excusable neglect. For example, the Court in *McLaughlin v. City of LaGrange* stated: "It asserts as 'excusable neglect' only that appellants' counsel is a solo practitioner and was engaged in the preparation of other cases. The fact that counsel has a busy practice does not establish 'excusable neglect' under Rule 6(b)(2)." 662 F.2d 1385, 1387 (11th Cir. 1981), citing *Graham v. Pennsylvania Railroad*, 342 F.2d 914, 915 (D.C.Cir.1964), *cert. denied*, 381 U.S. 904, 85 S.Ct. 1446, 14 L.Ed.2d 286 (1965). The fact that "an attorney has other matters in his office which require his attention does not constitute excuse for neglect of attention to any one matter." *Citizens' Protective League v. Clark*, 178 F.2d 703, 704 (D.C. Cir. 1949). The Eight Circuit has similarly ruled that a Plaintiff's "assertion in his motion that his counsel was occupied with other hearings does not constitute excusable neglect."

3

*Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010), citing, *Harlow Fay, Inc. v. Fed. Land Bank of St. Louis (In re Harlow)*, 993 F.2d 1351, 1353 (8th Cir.1993); *Clinkscales v. Chevron U.S.A. Inc.*, 831 F.2d 1565, 1569 (11th Cir.1987) (holding that attorney's busy practice did not constitute excusable neglect under Rule 6(b)); *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 101 (1st Cir.2003) ("Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.") (internal quotations and citation omitted)); *United States v. Dumas*, 94 F.3d 286, 289 (7th Cir.1996) ("'Excusable neglect' requires something more than a simple failure to meet the deadline due to a busy schedule.").

In the instant case, Plaintiffs have stated as the sole basis for seeking an extension of time unspecified "other professional and personal matters" that have in some undescribed manner interfered with their work "to identify related issues and amend the Complaint." (Doc. 29). Blaming counsel's other professional and personal commitments would clearly be insufficient to constitute excusable neglect under Rule 6 had counsel made this request after the 20 day deadline to amend the complaint had passed and it is undoubtedly insufficient to establish good cause for an extension when made the day before the 20 day deadline was scheduled to run. Moreover, the reasons stated as to why an extension should be granted are unsupported by an affidavit of counsel or even a clear discussion of facts upon why Plaintiffs are unable to comply within the time period set by the Court. Therefore, there is no factual basis upon which this Court could even give consideration to whether good cause exists for the extension.

9211307

Further, the pleas of personal and professional commitments ring hollow considering that the signature block to Plaintiffs' motion notes that he is being represented by at least seven (7) lawyers across three different law firms. Certainly if evidence existed sufficient to make a good faith amendment to Plaintiffs' complaint and forestall dismissal with prejudice for the time being, one of these seven lawyers or any of the multitude of lawyers employed at these firms could have been pressed into service to complete and file an amended complaint in a timely manner. Plaintiffs' request for an extension of time is nothing more than a delay tactic that is devoid of good cause. This Court should reject Plaintiffs' request and enter judgment of dismissal with prejudice since the 20 day deadline for filing an amended complaint has passed.

## **CONCLUSION**

Based upon the foregoing and the lack of good cause shown, Plaintiffs' motion for extension of time to file an amended complaint should be denied and the case should be dismissed with prejudice pursuant to the Court's October 16, 2020 Order granting Defendant's motion for summary judgment.

9211307

|  |  |
|---|---|
|  | ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, P.A. |
| Dated: <u>November 6, 2020</u> | s/Gregory J. Duncan<br>Shayne M. Hamann (#0325946)<br>Gregory J. Duncan (#267387)<br>Steven J. Erffmeyer (#276534)<br>500 Young Quinlan Building<br>81 South Ninth Street<br>Minneapolis, MN 55402-3214<br>P: (612) 339-3500<br>F: (612) 339-7655<br>smhamann@ArthurChapman.com<br>gjduncan@ArthurChapman.com<br>sjerffmeyer@ArthurChapman.com<br><br>*Attorneys for Defendant IMT Insurance Company* |

9211307